FILED
 2011 Jul-12  PM 04:23
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TAMMIE JOY COFFELT,** | ) |
| **Claimant,** | ) |
| vs. | ) Civil Action No. CV-11-S-778-NE |
| **MICHAEL J. ASTRUE,** Commissioner, Social Security Administration, | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Tammie Joy Coffelt commenced this action on February 28, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.[1]  The case currently is before the court on the Commissioner's motion to dismiss, or in the alternative, for summary judgment.[2] Upon consideration of the motion, claimant's response,[3] and the pleadings of record, the court concludes the motion is due to be denied.

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 5.

[3] Doc. no. 6.

The Commissioner asserts that claimant's complaint was not timely filed. 42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis supplied). Federal regulations dictating the procedural requirements for filing civil actions under the Social Security Act state:

> Any civil action described in paragraph (a)[4] of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, *unless there is a reasonable showing to the contrary*.

20 C.F.R. § 422.210(c) (emphasis supplied).

Here, the Appeals Council denied claimant's request for review of the ALJ's unfavorable decision on December 22, 2010.[5] Pursuant to the regulation cited above,

---

[4]Paragraph (a) of § 422.210 provides, in pertinent part, that "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."

[5]Declaration of Patrick Herbst (appended to doc. no. 5), at ¶ 3(a) and Exhibit 1.

claimant would be presumed to have received the decision letter by December 27, 2010, unless there is a "reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Therefore, according to the Commissioner, claimant should have filed this case by February 25, 2011, which falls sixty days after December 27, 2010. Because claimant did not file the case until February 28, 2011, three days after the deadline, the Commissioner asserts that the filing was untimely.

In response, claimant asserts that the Notice of Appeals Council Action was not actually received by her attorney's office until December 30, 2010. To support that assertion, claimant offers a copy of the Notice of Appeals Council Action bearing a date stamp from the office of her attorney indicating that it was received by that office on December 30, 2010.[6] Claimant also offers the affidavit of her attorney, Robert W. Bunch, who attests that, throughout his twenty-five years of law practice, it has been the practice of his office to open and date stamp all incoming mail on the date it arrives in the office.[7]

The court considers Mr. Bunch's affidavit to be a "reasonable statement" that claimant's attorney received the Notice of Appeals Council Action on December 30, 2010, not December 27, 2010. *See* 20 C.F.R. § 422.210(c). Because claimant's

---

[6]*See* doc. no. 6, at Exhibit A.
[7]*See* doc. no. 6, at Exhibit C (Affidavit of Robert W. Bunch).

complaint was filed within sixty days of December 30, 2010, it was timely. The Commissioner's motion to dismiss, or, in the alternative, for summary judgment, is DENIED.

DONE this 12th day of July, 2011.

_____
United States District Judge