FILED
2012 Apr-06  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TAMMY JOY COFFELT,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-11-S-778-NE** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Tammy Joy Coffelt, commenced this action on February 28, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Briefs are not required in social security appeal cases,[1] and claimant did not file a supporting brief.[2]  Nevertheless, this court has carefully reviewed the entire record in reaching its determination of the merits of claimant's appeal.

Claimant alleged that she became disabled on April 10, 2006, due to fibromyalgia, spinal problems, heart problems, and neck injury.[3]  The ALJ found that claimant had the severe impairments of atrial fibrillation, supraventricular tachycardia (SVT), status post ablation, chronic fatigue syndrome, migraine headaches, obesity, fibromyalgia, mild degenerative disc disease, mild cervical stenosis, major depressive disorder, and pain disorder.  Even so, the ALJ found that claimant did not have any impairment or combination of impairments that met or medically equaled any of the listed impairments.[4]  Despite claimant's severe impairments, the ALJ found that she retained the following residual functional capacity:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is restricted to occasional bending.  The claimant is restricted from climbing or crawling.  The claimant requires a sit/stand option during an 8-hour workday.  The claimant has no more than moderate pain.  The claimant's ability to respond to the mental demands of work is limited as per the medical source opinions completed by Dr.

---

[1]*See* doc. no. 11 (briefing letter).

[2] On November 4, 2011, claimant's attorney filed a motion for an extension of the deadline for filing claimant's brief.  That motion was granted by a text order entered on November 7, 2011, but claimant nonetheless did not file a brief.

[3] Tr. 111.

[4] Tr. 17, 19.

Haney on August 28, 2008 and December 5, 2008.[5]

The ALJ then relied upon vocational expert testimony to determine that a person of claimant's age, education, work experience, and residual functional capacity would be able to perform jobs that exist in significant numbers in the national economy.[6] Accordingly, the ALJ found that claimant had not been under a disability, as defined by the Social Security Act, from April 10, 2006, through the date of the administrative decision.[7]

Upon review of the entire record, the court concludes that the ALJ's findings were supported by substantial evidence and in accordance with applicable law. First, the record supports the ALJ's determination that claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Additionally, the ALJ also properly considered claimant's subjective complaints of pain and fatigue. To demonstrate that pain or other subjective symptoms render her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the

---

[5] Tr. 20.

[6] Tr. 23.

[7] Tr. 24.

alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting

*Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits

subjective testimony on pain, "he must articulate explicit and adequate reasons."

*Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810

F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th

Cir. 1986)).

The ALJ properly applied this standard.  He found that claimant's medically

determinable impairments could reasonably be expected to cause the symptoms

claimant alleged, but that claimant's statements concerning the intensity, persistence

and limiting effects of her symptoms were not credible to the extent they were

inconsistent with the ALJ's residual functional capacity finding.[8]  The ALJ also

adequately articulated reasons for not crediting claimant's testimony on pain.

Specifically, he reasoned that the medical evidence did not support anything more

than mild to moderate physical limitations, and that claimant had received only

conservative medical treatment.  Those conclusions were supported by substantial

evidence.  To the extent any of claimant's pain allegations *were* credible, they were

incorporated into the residual functional capacity finding.

The ALJ also properly considered the reports of Dr. John Haney, a consultative

psychologist who examined claimant on two occasions.  Social Security regulations

---

[8]Tr. 15.

provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). During both of his examinations, Dr. Haney assessed claimant with only mild to moderate mental limitations.[9] The ALJ afforded Dr. Haney's assessments "significant weight" because his opinions were consistent with examination records and the conservative treatment offered by claimant's treating physician. That decision was supported by substantial evidence.

Finally, the Commissioner's decision was supported by substantial evidence, even in light of new medical records that were submitted for the first time to the Appeals Council.[10]

---

[9] Tr. 442-455.

[10] *See* Tr. 5-6 (indicating that additional medical records were submitted to the Appeals Council).

> When a claimant submits new evidence to the AC [*i.e.,* Appeals Council], the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram*[*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008).

The order from the Appeals Council, denying review of the ALJ's decision,

stated:

> The Appeals Council considered the new evidence submitted by the claimant and her representative. In his brief of 11/15/10, the claimant's attorney alleges that new and material evidence submitted demonstrates that the claimant's impairments reach listing level severity. The examination results provided reported substantially similar findings as those examined by the Administrative Law Judge in the decision. The new evidence presented demonstrates no significant changes in the claimant's condition since the date of the decision. As such, the new evidence is not material to the determination at hand and does not provide a basis for reviewing the Administrative Law Judge's decision.[11]

The Appeals Council's decision was supported by substantial evidence. Most of the

new evidence submitted to the Appeals Council dates between a year and a year and

a half *after* the ALJ's decision.[12] Accordingly, that evidence cannot reasonably be

---

[11] Tr. 2.

[12] *See* Tr. 179-200 (medical records from April to July of 2010).

construed to relate back to the date of the ALJ's decision. Moreover, even if that evidence did relate back to the time period of or before the ALJ's decision, it would not provide a basis for altering that decision. The new records generally reflect that plaintiff had been diagnosed with fibromyalgia, and that she complained of continuing pain, but the results of her clinical examinations were within normal ranges, and her rheumatologist recommended that she increase her exercise level. Similarly, the records that do relate more closely in time to the ALJ's January 23, 2009 decision also are consistent with the ALJ's finding of no more than mild to moderate impairments.

In conclusion, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 6th day of April, 2012.

_____
United States District Judge